IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

**MARCUS ROGERS**,

Plaintiff,

v.

**MID AM FOOD ENTERPRISES,
INC. d/b/a
COSENTINO'S FOOD STORES
a/k/a
COSENTINO'S PRICE CHOPPER**,

Defendant.

Case No. 4:21-cv-00780-FJG

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant Mid Am

Food Enterprises d/b/a Cosentino's Food Stores a/k/a Cosentino's Price Chopper

("Price Chopper") respectfully submits the following answer to the plaintiff's

complaint filed on October 27, 2021, and states as follows:

### First Defense

Price Chopper expressly reserves the right to amend this answer to assert

any other matter that constitutes an avoidance or affirmative defense under

Federal Rule of Civil Procedural 8(c).

### Second Defense

The plaintiff has failed to state a claim upon which relief may be granted.

### Third Defense

The plaintiff is not entitled to the relief requested as a matter of law or fact.

- 1 -

### Fourth Defense

The plaintiff's claims are barred because the plaintiff's race and/or disability were not a factor in any decisions regarding his employment and termination; all of his employment decisions were made for legitimate, nondiscriminatory reasons, specifically: that on or about January 28, 2021 the plaintiff violated Price Chopper's workplace violence policy for intimidating another employee, and possessing and displaying a firearm to that employee on Price Chopper property.

### Fifth Defense

To the extent that the plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that the plaintiffs race or disability was a motivating favor in any employment decision at issue (which Price Chopper denies), Price Chopper is entitled to judgment in whole or in party, because the same employment decision would have been made irrespective of whether the plaintiff's race or disability was considered.

### Sixth Defense

The plaintiff's claims, including his claim for punitive damages, are barred by Price Chopper's good faith efforts to prevent discrimination and harassment and to comply with the applicable laws, and by Price Chopper's good faith belief that its actions regarding the plaintiff's employment were in compliance with the law at all times.

The plaintiff's claims are barred, in whole or in part, because Price Chopper exercised reasonable care and diligence to prevent, investigate, and promptly correct any case where an individual has brought a firearm to its business locations, much less a situation where persons are allegedly permitted to bring firearms to Price Chopper's businesses when they are not African-American or disable, and the plaintiff unreasonably failed to take advantage of any reporting, preventive, investigative, or corrective opportunities provided by Price Chopper by informing it of non-African American or non-disabled employees that allegedly brought firearms to Price Chopper's businesses. For this reason, Price Chopper did not know, should not have known, and did not acquiesce in any alleged discriminatory conduct. To the extent any such conduct was brought to Price Chopper's attention, Price Chopper took prompt remedial action upon any notice of any such conduct.

**Eighth Defense**

The plaintiff's claims, in whole or in part, are barred by the doctrine of laches, accord and satisfaction, estoppel, and waiver.

**Ninth Defense**

The plaintiff's claim, in whole or in part, are barred because the plaintiff failed to timely file a charge of discrimination with the EEOC.

## Tenth Defense

The plaintiff's claims are barred, in whole or in part, to the extent the plaintiff failed to comply with all statutory, jurisdictional, and procedural requirements, including his failure to exhaust administrative remedies.

## Eleventh Defense

The plaintiff's claims are barred in whole or part by his failure to exercise reasonable diligence to mitigate his alleged claims.

## Twelfth Defense

The plaintiff's claims for punitive damages are barred by the United States and Missouri Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Price Chopper's rights to due process of law, to equal protection of the law, to the right to be free from the unlawful taking of property, the right to free of excessive fines and all other substantive and procedural protection of the Constitution applicable to punitive damages.

## Thirteenth Defense

The plaintiff's claims for punitive damages are barred because of Price Chopper's good-faith efforts to prevent discrimination and comply with the applicable laws.

## Fourteenth Defense

The plaintiff's claims are not well founded in law or fact and are meritless, entitling Price Chopper to its fees and costs.

**Fifteenth Defense**

The plaintiff's claims against Price Chopper are barred in whole or in part by the doctrine of unclean hands.

**Price Chopper's Response to the Numbered Paragraphs**

In response to the complaint, all allegations—including relief sought—are denied except where specifically admitted. Price Chopper admits, denies, or otherwise averse as follows:

## I. Preliminary Statement

1. Paragraph 1 contains the plaintiff's preliminary statement, to which no response is required. That preliminary statement also contains legal conclusions, to which no response is required. Price Chopper ADMITS that the plaintiff seeks declaratory, injunctive, and equitable relief, actual, compensatory, and punitive damages, costs, and attorney fees, but avers that the plaintiff is not entitled to such relief.

## II. Jurisdiction

2. Paragraph 2 of the plaintiff's complaint contains a legal conclusion to which no response is required. To the extend a response is deemed required, Price Chopper DENIES any allegations contained in paragraph 2 of the plaintiff's complaint and avers that the plaintiff is not entitled to any relief.

3. Paragraph 3 contains the plaintiff's allegation concerning the jurisdiction for this case, to which no response is required; to the extent a response

- 5 -

is required, Price Chopper ADMITS that this court has jurisdiction over claims brought under the Americans with Disabilities Act and the Civil Rights Act.

4. Paragraph 4 of the plaintiff's complaint contains a legal conclusion to which no response is required. To the extend a response is deemed required, Price Chopper DENIES any allegations contained in paragraph 4 of the plaintiff's complaint and avers that the plaintiff is not entitled to any relief.

5. Paragraph 5 of the plaintiff's complaint contains a legal conclusion to which no response is required. To the extend a response is deemed required, Price Chopper DENIES any allegations contained in paragraph 5 of the plaintiff's complaint and avers that the plaintiff is not entitled to any relief.

6. Paragraph 6 of the plaintiff's complaint contains a legal conclusion to which no response is required. To the extend a response is deemed required, Price Chopper DENIES any allegations contained in paragraph 6 of the plaintiff's complaint and avers that the plaintiff is not entitled to any relief.

**III. Venue**

7. Paragraph 7 contains the plaintiff's allegations concerning the venue for this case, to which no response is required; to the extent a response is required, Price Chopper ADMITS that the plaintiff's allegations place his claim in this judicial district, but DENIES that Price Chopper committed any unlawful practices in this judicial district or that the plaintiff is entitled to any relief.

## IV. Parties

8.     Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 8 of the plaintiff's complaint and, therefore, DENIES the same.

9.     Paragraph 9 of the plaintiff's complaint contains a legal conclusion to which no response is required. To the extend a response is deemed required, Price Chopper ADMITS that it employs more than 100 employees and does business in this judicial district, including at a location 1030 W. 103rd Street, Kansas City, Missouri 64114. Price Chopper DENIES any other allegations contained in paragraph 9 of the plaintiff's complaint and avers that the plaintiff is not entitled to any relief.

10.     Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 10 of the plaintiff's complaint and, therefore, DENIES the same.

## V. Allegations Common to All Counts

11.     Defendant Price Chopper ADMITS the allegations set forth in paragraph 11 of the plaintiff's complaint.

12.     Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the plaintiff's complaint, including whether he was ever present at one of Price Chopper's places of business on April 11, 2021, and, therefore, DENIES the same.

13. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 13 of the plaintiff's complaint and, therefore, DENIES the same.

14. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 14 of the plaintiff's complaint and, therefore, DENIES the same.

15. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 15 of the plaintiff's complaint and, therefore, DENIES the same.

16. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 16 of the plaintiff's complaint and, therefore, DENIES the same.

17. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 17 of the plaintiff's complaint and, therefore, DENIES the same.

18. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 18 of the plaintiff's complaint and, therefore, DENIES the same.

19. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 19 of the plaintiff's complaint and, therefore, DENIES the same.

- 8 -

20. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 20 of the plaintiff's complaint and, therefore, DENIES the same.

21. Defendant Price Chopper ADMITS that on or about January 28, 2021, while the plaintiff was at a Price Chopper, he lifted up his shirt to expose a firearm, but lacks the knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 21 of the plaintiff's complaint and, therefore, DENIES the same.

22. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 22 of the plaintiff's complaint and, therefore, DENIES the same.

23. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 23 of the plaintiff's complaint and, therefore, DENIES the same.

24. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 24 of the plaintiff's complaint and, therefore, DENIES the same.

25. Defendant Price Chopper ADMITS that the plaintiff was terminated on February 2, 2021, DENIES that any statement written by the plaintiff was done under duress, and lacks the knowledge or information sufficient to form a belief as to the truth of the remaining details set forth in paragraph 24 of the plaintiff's complaint and, therefore, DENIES the same.

26.     Defendant Price Chopper lacks the knowledge or information sufficient to form a belief as to the truth of the plaintiff's "belief" as to the cause of his termination as he alleges in paragraph 26 of his petition, and, therefore, DENIES the same. To the extent that this paragraph was intended to allege that Price Chopper terminated the plaintiff because of his race or traumatic brain injury, Price Chopper DENIES that allegation.

27.     Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the "plaintiff's awareness," as stated in paragraph 27 of his complaint and, therefore, DENIES the same.

28.     Defendant Price Chopper DENIES the plaintiff's claim that he is suffering any loss as alleged in paragraph 28 of his complaint.

29.     Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 29 of the plaintiff's complaint and, therefore, DENIES the same.

30.     Defendant Price Chopper DENIES the plaintiff's allegations as set forth in paragraph 30 of its complaint.

## COUNT I

31.     Defendant Price Chopper incorporates and re-alleges each of its previous answers.

32.     Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 32 of the plaintiff's complaint and, therefore, DENIES the same.

- 10 -

33. Defendant Price Chopper ADMITS that the plaintiff was qualified and capable of performing the essential functions of the job for which he was hired, but DENIES that it had any knowledge of the plaintiff's alleged disabilities or was ever asked to provide accommodations for the plaintiff.

34. Defendant Price Chopper DENIES the allegations set forth in paragraph 34 of the plaintiff's complaint.

35. Defendant Price Chopper DENIES the allegations set forth in paragraph 35 of the plaintiff's complaint.

36. Defendant Price Chopper DENIES the allegations set forth in paragraph 36 of the plaintiff's complaint.

37. Defendant Price Chopper DENIES the allegations set forth in paragraph 37 of the plaintiff's complaint.

38. Defendant Price Chopper DENIES the allegations set forth in paragraph 38 of the plaintiff's complaint.

39. Defendant Price Chopper DENIES the allegations set forth in paragraph 39 of the plaintiff's complaint.

**COUNT II**

40. Defendant Price Chopper incorporates and re-alleges each of its previous answers.

41. Defendant Price Chopper DENIES the allegations set forth in paragraph 41 of the plaintiff's complaint.

42. Defendant Price Chopper DENIES the allegations set forth in paragraph 42 of the plaintiff's complaint.

43. Defendant Price Chopper DENIES the allegations set forth in paragraph 43 of the plaintiff's complaint.

44. Defendant Price Chopper DENIES the allegations set forth in paragraph 44 of the plaintiff's complaint.

45. Defendant Price Chopper DENIES the allegations set forth in paragraph 45 of the plaintiff's complaint.

46. Defendant Price Chopper DENIES the allegations set forth in paragraph 46 of the plaintiff's complaint.

47. Defendant Price Chopper DENIES the allegations set forth in paragraph 47 of the plaintiff's complaint.

48. Defendant Price Chopper DENIES the allegations set forth in paragraph 48 of the plaintiff's complaint.

49. Defendant Price Chopper DENIES the allegations set forth in paragraph 49 of the plaintiff's complaint.

## COUNT III

50. Defendant Price Chopper incorporates and re-alleges each of its previous answers.

51. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 51 of the plaintiff's complaint and, therefore, DENIES the same.

52. Defendant Price Chopper DENIES the allegations set forth in paragraph 52 of the plaintiff's complaint.

53. Defendant Price Chopper currently lacks the knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 53 of the plaintiff's complaint and, therefore, DENIES the same.

54. Defendant Price Chopper DENIES the allegations set forth in paragraph 54 of the plaintiff's complaint.

55. Defendant Price Chopper DENIES the allegations set forth in paragraph 55 of the plaintiff's complaint.

56. Defendant Price Chopper DENIES the allegations set forth in paragraph 56 of the plaintiff's complaint.

**COUNT IV**

57. Defendant Price Chopper incorporates and re-alleges each of its previous answers.

58. Defendant Price Chopper DENIES the allegations set forth in paragraph 58 of the plaintiff's complaint.

59. Defendant Price Chopper DENIES the allegations set forth in paragraph 59 of the plaintiff's complaint.

60. Defendant Price Chopper DENIES the allegations set forth in paragraph 60 of the plaintiff's complaint.

61. Defendant Price Chopper DENIES the allegations set forth in paragraph 61 of the plaintiff's complaint.

62. Defendant Price Chopper DENIES the allegations set forth in paragraph 62 of the plaintiff's complaint.

63. Defendant Price Chopper DENIES the allegations set forth in paragraph 63 of the plaintiff's complaint.

## COUNT V

64. Defendant Price Chopper incorporates and re-alleges each of its previous answers.

65. Paragraph 65 of the plaintiff's complaint contains a legal conclusion to which no response is required. To the extend a response is deemed required, Price Chopper ADMITS that the plaintiff is of African American descent and avers that the plaintiff is not entitled to any relief.

66. Defendant Price Chopper DENIES the allegations set forth in paragraph 66 of the plaintiff's complaint.

67. Defendant Price Chopper DENIES the allegations set forth in paragraph 67 of the plaintiff's complaint.

68. Defendant Price Chopper DENIES the allegations set forth in paragraph 68 of the plaintiff's complaint.

69. Defendant Price Chopper DENIES the allegations set forth in paragraph 69 of the plaintiff's complaint.

70. Defendant Price Chopper DENIES the allegations set forth in paragraph 70 of the plaintiff's complaint.

- 14 -

71.     Defendant Price Chopper DENIES the allegations set forth in paragraph 71 of the plaintiff's complaint.

## VII. Prayer for Relief

72.     The allegations contained in paragraph 72 of the plaintiff's complaint are the plaintiff's request for relief, to which no response is required, but insofar as an answered is deemed required, Price Chopper DENIES that the plaintiff is entitled to the requested relief or to any relief whatsoever. Every allegation other allegations contained in the plaintiff's complaint that is not expressly admitted is denied.

WHEREFORE, having fully answered the plaintiff's complaint, Defendant Mid Am Food Enterprises d/b/a Cosentino's Food Stores a/k/a Cosentino's Price Chopper prays that the Court enter judgment in its favor or dismissing the plaintiff's claims with prejudice, award Price Chopper its costs to defend this matter, and grant Price Chopper such other and further relief as the Court may deem just and proper.

## <u>Demand for Jury Trial</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Price Chopper demands a trial by jury.

Date: November 22, 2021

> Respectfully submitted,
> */s/ Rodney A. Ames*
> Rodney A. Ames (44865)
> Landon W. Magnusson (KS-000866)
> WITHERS, BRANT, IGOE & MULLENNIX, P.C.
> Two South Main Street
> Liberty, Missouri 64068
> Telephone:   816.781.4788
> Telecopier:   816.792.2807
> RAmes@WithersBrant.com
> LMagnusson@WithersBrant.com
> *Attorneys for Defendant Mid Am Food*
> *Enterprises d/b/a Cosentino's Food Stores*
> *a/k/a Cosentino's Price Chopper*

<u>Certificate of Service</u>

I certify that a copy of the foregoing pleading was filed on Monday, November 22, 2021, causing automatic service to be made upon all attorneys of record, including:

Kevin Baldwin
Eric Vernon
Sylvia Hernandez
Robin Koogler
Baldwin & Vernon
108 S. Pleasant Street
Independence, Missouri 64050
Tel: (816) 842-1102
Fax: (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net
Robin@bvalaw.net
Attorneys for Plaintiff

*/s/ Rodney A. Ames*

- 17 -